CITY OF FORT PIERRE, Respondent v. WESTERN SURE-
TY COMPANY, Appellant.

(159 N. W. 869.)

(File No. 4014.   Opinion filed November 13, 1916.)

**Official Bonds—Municipal Officer—Default During Term of Office—
Sufficiency of Complaint.**

> A complaint based upon a bond of a city officer, which bond
> created liability beginning May 9th, is demurable, in failing
> to state that the default, alleged to have occurred during a
> period commencing May 6th, did not occur before May 9th.

Appeal from Circuit Court Stanley County.   Hon. John F.
Hughes, Judge.

Action by the City of Fort Pierre, against the Western Sure-
ty Company, to recover upon an official bond.   From an order
overruling demurrer to one count of the complaint, defendant
appeals.   Reversed.

*Kirby & Kirby,* for Appellant.

Appellant cited: Pol. Code, Sec. 1238; Adams Co. v. Western
Surety Co., 35 S. D. 194; Connersville v. Connersville Hydraulic
Co. 86 Ind. 235; Phillips v. Sonora Copper Co. 77 App. Div. 140,
86 N. Y. Supp. 200; Millican v. McNeil (Tex. Civ. App.) 50
S. W. 428; Reid v. Lyttle, 150 Ky. 304, 150 S. W. 357; 6 Encyc.
Pl. Pr. 255.

WHITING, J.   This is an appeal from an order overruling
a demurrer to one count in a complaint.   The cause of action
sought to be alleged in such count was one on an official bond.   The
bond was not effective until May 9, 1910. The official wrongdoing
was alleged to have occurred during a period commencing May
6, 1910.   There is nothing to show but what the entire cause of
action—so far as the pleading shows any actionable wrong—
occurred prior to May 9, 1910.   The demurrer should have been
sustained.   Adams Co. v. Western Surety Co., 35 S. D. 194, 154
N. W. 890.

The order appealed from is reversed.